```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

JOHN HUNTER                                          PLAINTIFF


VS.                          CIVIL ACTION NO. 3:11-cv-759-WHB-LRA


TOWN OF EDWARDS and
OFFICER ANTONIO WILKERSON, in his
Individual and Official Capacities                   DEFENDANT


## OPINION AND ORDER

This cause is before the Court on Defendant's Motion to Dismiss on the Basis of Qualified Immunity, Sovereign Immunity, and Under <u>Heck v. Humphrey</u>. Having considered the pleadings[1] as well as supporting and opposing authorities, the Court finds the Motion should be granted in part, and denied in part.


### I. Factual Background and Procedural History

Plaintiff, John Hunter ("Hunter"), was stopped by Town of Edwards Police Officer, Antonio Wilkerson ("Wilkerson"), and charged with careless driving and driving under the influence of alcohol. Hunter alleges that after being arrested, he was handcuffed and placed in the backseat of Wilkerson's squad car.

---

[1] Plaintiff filed a "Supplemental Response" to the subject Motion to Dismiss. As Plaintiff did not seek leave for filing such pleading as required under Rule 15(d) of the Federal Rules of Civil Procedure, it will not be considered by the Court when considering the subject Motion. Accordingly, Defendant's Motion to Strike the Supplemental Response will be granted.

According to Hunter, after being placed in the squad car with his hands handcuffed behind his back, Wilkerson tased him.

On August 10, 2011, Hunter filed a lawsuit against the Town of Edwards and Wilkerson in the Circuit Court for the First Judicial District of Hinds County, Mississippi. In his Complaint, Hunter alleges that the defendants violated his constitutional rights against the use of excessive force, as well as his due process and equal protection rights, in violation of 42 U.S.C. § 1983. Hunter also alleges state law claims of intentional/negligent infliction of emotional distress and civil assault and battery. The case was removed to this Court, and the Court finds, as Hunter has alleged claims arising under federal law, that it may properly exercise federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Wilkerson has now moved for dismissal, presumably pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of the claims alleged against him on the bases of qualified immunity, sovereign immunity, and under Heck v. Humphrey, 512 U.S. 477 (1994).

## II. Standard

**A. Rule 12(b)(6) Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "viewed with disfavor" and "rarely granted." Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). When considering such motion, the Court must

liberally construe the allegations in the complaint in favor of the plaintiff, and accept all pleaded facts as true. See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). As explained by the United States Court of Appeals for the Fifth Circuit:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' Id. at 555.

In re Katrina Canal Breaches Lit., 495 F.3d 191, 205 (5th Cir. 2007). This same rule applies "when immunity is urged as a defense by a motion to dismiss." Chrissy F. by Medley v. Mississippi Dept. of Pub. Welfare, 925 F.2d 844, 846 (5th Cir. 1991).

### III. Discussion

**A. Qualified Immunity**

> Under 42 U.S.C. § 1983:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Wilkerson has moved for the dismissal of Hunter's Section 1983 claims on the basis of qualified immunity. It is well settled that

3

this defense is available to state actors who are sued under 42 U.S.C. § 1983. See e.g. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This defense provides a shield from civil liability to officials whose conduct does not reasonably violate a clearly established constitutional or statutory right. Davis v. Scherer, 468 U.S. 183, 194 (1984); Johnston v. City of Houston, 14 F.3d 1056, 1059 (5th Cir. 1994)("Whether a government official is entitled to qualified immunity generally turns on the objective reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was taken.")

Here, Hunter's Section 1983 claims are alleged against Wilkerson in both his official and individual capacities. This distinction is significant because the defense of qualified immunity only applies to claims alleged against officials in their individual, but not their official, capacities. See Keim v. City of El Paso, 1998 WL 792699, at *3 (5th Cir. Nov. 2, 1998)(holding: "[T]he individual defense of qualified immunity does not apply to an official-capacity claim.")(citing Kentucky v. Graham, 473 U.S. 159, 167 (1985)). Thus, because the defense of qualified immunity is not applicable to official capacity claims under Section 1983, Wilkerson's Motion to Dismiss, to the extent it seeks the dismissal of such claims, is denied.

To determine whether a defendant may successfully avail himself to the defense of qualified immunity with regard to

4

individual capacity claims under Section 1983, the Court undertakes a two-step analysis. First, the Court must determine whether the plaintiff has alleged a violation of constitutional or statutory rights. If such violation is alleged, the Court next considers "whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." Hare v. City of Corinth, 135 F.3d 320, 326 (5th Cir. 1998)(citing Rankin v. Klevenhagen, 5 F.3d 103, 108 (5th Cir. 1993)("When evaluating whether a plaintiff stated a constitutional violation, we look to currently applicable constitutional standards. However, the objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question."))(alterations in original). See also Anderson v. Creighton, 483 U.S. 635, 638 (1987)(finding that qualified immunity shields government officials provided "their actions could reasonably have been thought consistent with the rights they are alleged to have violated.").

In his Complaint, Hunter alleges that Wilkerson "took actions to deprive [him] of his due process rights under federal laws, equal protection rights under federal laws, and violated other civil rights of [his] under federal law." Compl., ¶ 15. Hunter's Complaint, however, does not allege the specific constitutional Amendments he claims were violated. Further, in response to the

5

Motion to Dismiss, Hunter only discusses a claim for an alleged violation of his due process rights under the Fourteenth Amendment. Thus, based on the pleadings before it, the Court finds Hunter has abandoned any due process claim under the Fifth Amendment and any equal protection claim under the Fourteenth Amendment. As such, the Court finds Wilkerson's Motion to Dismiss, to the extent it seeks dismissal of the Section 1983 individual capacity claims arising from alleged violations of due process rights protected by the Fifth Amendment and/or equal protection rights protected by the Fourteenth Amendment on the basis on qualified immunity, should be granted.[2]

Hunter alleges Wilkerson violated his Fourteenth Amendment due process rights by tasing him after he was arrested, handcuffed with his hands behind his back, and placed in the squad car. Applying the requisite two-step qualified immunity analysis, the Court finds the allegations in the Complaint are sufficient to allege a violation of that constitutional right, thus satisfying the first

---

[2] Even if they had not been abandoned, Hunter could not have proceeded against Wilkerson on a Fifth Amendment due process claim as "the Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." See Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000). Likewise, Hunter could not have proceeded against Wilkerson on a Fourteenth Amendment equal protection claim as there are no allegations in his Complaint that (1) he was intentionally treated differently from others similarly situated arrestees and/or (2) there was no rational basis for the difference in treatment. See Whiting v. University of S. Miss., 451 F.3d 339, 348 (5th Cir. 2006).

6

step of the qualified immunity analysis. See e.g. Walton v. Alexander, 44 F.3d 1297, 1302 (5th Cir. 1995)("We have held that '[t]he right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process.'")(quoting Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 451 (5th Cir. 1994)).

As regards the second step, the Court begins by finding that the allegedly violated constitutional right, i.e. due process under the Fourteenth Amendment, was clearly established at the time of the taser incident. See e.g. United States v. Stokes, 506 F.2d 771, 775 (5th Cir. 1975)(explaining "that one's right to be free from unlawful assault by state law enforcement officers when lawfully in their custody has been made a definite and specific part of the body of due process rights protected by the fourteenth amendment of the Constitution."). Thus, the issue before the court is whether Wilkerson's having tased Hunter was "objectively unreasonable in the light of that then clearly established law." Again, on this issue, the Complaint alleges that Hunter was tased after he was arrested, handcuffed with his hands behind his back, and placed in the squad car. See Compl., ¶¶ 9-12. Wilkerson, however, argues that the use of a taser was justified because "he chose to employ [that] non-lethal weapon to subdue the wild [Hunter] who was kicking out the police car's window." See Mem. in Supp. of Mot. to Dismiss [Docket No. 15], 5. See also id. at 5

7

(arguing that "the only logical conclusion by any police officer faced with his situation was that [Hunter] was trying to escape and/or further destroy the police car, thus justifying the force, especially in light of then-Officer Wilkerson being alone."). Wilkerson, however, has not provided any evidence to support a finding that Hunter was acting "wildly", or that he had kicked-out the window of the police car. The only evidence presented in support of Wilkerson's arguments is an abstract of a municipal court record showing that Hunter was found guilty of malicious mischief, and was ordered to "pay cost of replacing window." See Mot. to Dismiss [Docket No. 14], Ex. A. There is nothing in the abstract, however, showing that Wilkerson was acting "wildly" at the time he was tased, or that the window he was ordered to replace was on a police car. Thus, based on the allegations in the Complaint, which have not been refuted by any evidence and which must be assumed true at this procedural juncture, the Court cannot find Wilkerson's use of the taser was objectively reasonable in light of those allegations.

Hunter also alleges that Wilkerson violated his Fourth Amendment right against excessive force. Applying the requisite two-step qualified immunity analysis, the Court finds the allegations in the Complaint are sufficient to allege a violation of that constitutional right, and that the right was clearly established at the time of the taser incident. See e.g. King v.

Chide, 974 F.2d 653, 656 (5th Cir. 1992)(finding it "well settled that if a law enforcement officer uses excessive force in the course of making an arrest, the Fourth Amendment guarantee against unreasonable seizure is implicated.")(citing Graham v. Connor, 490 U.S. 386, 394-95 (1989)). Thus, the issue again becomes whether Wilkerson's having tased Hunter was "objectively unreasonable in the light of that then clearly established law." The test for "reasonableness" on a Fourth Amendment excessive force claim requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the subject poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. As discussed above, although Wilkerson argues that the use of a taser was justified because Hunter was acting wildly, was attempting to kick out the window of the police car and/or further destroy the vehicle, and may even had been attempting to escape, no facts have been introduced to support these arguments. Thus, based on the allegations in the Complaint, which have not been refuted by any evidence and which must be assumed true at this procedural juncture, the Court cannot find Wilkerson's use of the taser was objectively reasonable in light of those allegations.

In sum, having conducted the requisite two-step analysis, the Count finds Wilkerson has not shown that he can avail himself of

9

the defense of qualified immunity on the Fourth Amendment excessive force claim and/or the Fourteenth Amendment due process claim alleged against him in his individual capacity at this procedural juncture. Accordingly, the Court finds his Motion to Dismiss these claims on the basis of qualified immunity should be denied.

**B. Heck v. Humphrey, 512 U.S. 477 (1994)**

Wilkerson seeks dismissal of Hunter's Section 1983 claims under Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, [or] declared invalid by a state tribunal authorized to make such determination ..." 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. Thus, in cases in which a convict seeks damages under Section 1983, the district court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

10

Hunter does not allege a Section 1983 claim arising from either unconstitutional conviction or imprisonment. As such, the issue before the Court is whether Hunter seeks damages "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." Relevant to this issue, the Fifth Circuit has held that claims of excessive force are barred under Heck by convictions such as aggravated assault and battery of an officer. See e.g. Hainze v. Richards, 207 F.3d 795, 798 (5th Cir. 2000); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996). The Heck bar, however, does not apply if, by proving an excessive force claim, a Section 1983 plaintiff would not invariably invalidate his conviction." See e.g. Arnold v. Town of Slaughter, 100 F. App'x 321, 323 (5th Cir. 2004). Thus, whether Heck bars a Section 1983 claim depends on the nature of the offense underlying the conviction and the nature of the plaintiff's claims. Id.

Here, Hunter was convicted of malicious mischief. Under Mississippi law: "Every person who shall maliciously or mischievously destroy, disfigure, or injure, or cause to be destroyed, disfigured, or injured, any property of another, either real or personal, shall be guilty of malicious mischief." Miss. Code Ann. § 97-17-67(1). Having considered the pleadings before it, the Court finds Hunter's allegations that Wilkerson used excessive force by tasing him are not necessarily inconsistent with his malicious mischief conviction. In other words, a finding that

11

Wilkerson's use of force was unreasonable would not necessarily mean that Hunter had not "mischievously destroy[ed] ... or cause[d] to be destroyed ... any property of another." See e.g. Ballard v. Burton, 444 F.3d 391, 401 (5th Cir. 2006).[3] Accordingly, the Court finds Wilkerson's Motion to Dismiss on the basis of Heck v. Humphrey, is not well taken and should be denied.

## C. Sovereign Immunity

Wilkerson has moved for dismissal of Hunter's state law claims of civil assault and battery and intentional/negligent infliction of emotional distress based on the immunity provided under the Mississippi Tort Claims Act ("MTCA").[4] Under the MTCA:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.

---

[3] Although not raised in the pleadings, a finding that Wilkerson's use of force was unreasonable would likewise not necessarily mean that Hunter had not disobeyed a traffic signal or stop sign, the other charge for which he was convicted. See Mot. to Dismiss, Ex. B.

[4] In his Complaint, Hunter does not allege that his state law claims have been brought under the MTCA. It is clear, however, that in Mississippi the MTCA provides "the exclusive remedy for filing a lawsuit against governmental entities and [their] employees." City of Jackson v. Brister, 838 So.2d 274, 278 (Miss. 2003). Additionally, the Complaint does not allege that Hunter complied with the notice requirements of the MTCA. The Court will presume, for the purposes of Opinion and Order, that those requirements have been satisfied.

> For the purposes of this chapter <u>an employee shall not be considered as acting within the course and scope of his employment</u> and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee <u>if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense</u>.

MISS. CODE ANN. § 11-46-7(2)(emphasis added). Here, Wilkerson argues that he is immune from liability on all claims alleged under the MTCA because he was acting within the course and scope of his duties as a Town of Edwards police officer at the time of the alleged taser incident. The Mississippi Supreme Court, however, has found that "[p]hysically abusing a person in custody is not one of the duties of law enforcement personnel." City of Jackson v. Powell, 917 So.2d 59, 70 (Miss. 2005). McBroom v. Payne, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010)(explaining that claims of battery, assault, and intentional infliction of emotional distress "cannot be considered 'within the course and scope of employment' under the [MTCA]."); Tyson v. Jones County, Miss., 2008 WL 4602788, at *7-8 (S.D. Miss. Oct. 15, 2008)(finding that the use of excessive force by a police office would constitute the criminal offense of assault and, therefore, would not be considered as having occurred within the course and scope of an employee's employment for the purposes of the MTCA). As the Court cannot presently determine, based on the unrefuted allegations in the Complaint, whether the use of the taser in this case constituted excessive force, the Court cannot determine whether Wilkerson was

13

acting within the course and scope of his employment at the time of that use. As such, the Court cannot presently determine whether the immunity provisions of the MTCA would apply to bar Hunter's state law claims against Wilkerson.

Wilkerson also argues that he is entitled to immunity under Section 11-46-9 of the MTCA because "employees acting within the course and scope of their employment" cannot be liable for claims:

> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;
>
> (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused

MISS. CODE ANN § 11-46-9(1)(c) and (d). As discussed above, however, the Court cannot presently determine whether Wilkerson was acting within the course and scope of his employment as a police officer at the time of the tasing incident because the Court has not been presented any facts to support his arguments that the taser was used to subdue an allegedly wild detainee and, therefore, did not constitute the use of excessive force. See e.g. Powell, 917 So.2d at 71 (recognizing that "the police may exert physical force in overcoming resistance during an arrest, but they may only use that force which is reasonably necessary to respond to the resistance encountered."). Additionally, the Court has not been presented any

evidence to show that Hunter was engaged in a criminal act at the time the taser was used. Although Wilkerson argues that Hunter was actively engaging in malicious mischief at the time he was tased, the Court was not presented any evidence in support of this argument. The only evidence submitted is a court abstract showing that Hunter was convicted of malicious mischief and was ordered to pay the cost of replacing some window. The Court simply cannot infer from this conviction that Hunter was, in fact, engaging in malicious mischief at the time he was tased. See e.g. Estate of Williams v. City of Jackson, 844 So.2d 1161, 1165 (Miss. 2003)("In order for recovery from a governmental entity to be barred because of the victim's criminal activity, the criminal activity has to have some causal nexus to the wrongdoing of the tortfeasor."). Thus, based on the unrefuted allegations in the Complaint, which again must be assumed true at this procedural juncture, the Court cannot find that Wilkerson was either acting within the course and scope of his employment as a police officer at the time Hunter was tased, or that Hunter was actively engaging in criminal activity at that time. Accordingly, the Court finds Wilkerson's Motion to Dismiss, to the extent it seeks dismissal of all state law claims alleged against him under the immunity provided by the MTCA, should presently be denied.

## IV. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant, Antonio Wilkerson's Motion to Strike the Supplemental Response [Docket No. 21] is hereby granted.

IT IS FURTHER ORDERED that Defendant, Antonio Wilkerson's Motion to Dismiss [Docket No. 14], is hereby granted in part, and denied in part.

To the extent the Motion seeks dismissal of the 42 U.S.C. § 1983 claims alleged against him in his official capacity on the basis of qualified immunity, the Motion is denied.

To the extent the Motion seeks dismissal of the 42 U.S.C. § 1983 claims alleged against him in his individual capacity based on violations of the Fourth Amendment (excessive force) and/or the Fourteenth Amendment (due process), the Motion is denied.

To the extent the Motion seeks dismissal of the 42 U.S.C. § 1983 claims alleged against him in his individual capacity based on violations of the Fifth Amendment (due process) and/or the Fourteenth Amendment (equal protection), the Motion is granted.

To the extent the Motion seeks dismissal of all of the 42 U.S.C. § 1983 claims alleged against him under Heck v. Humphrey, 512 U.S. 477 (1994), the Motion is denied.

To the extent the Motion seeks dismissal of the state law claims alleged against him in his official and individual

capacities under the immunity provided by the Mississippi Tort Claims Act, the Motion is denied.

IT IS FURTHER ORDERED that the immunity related stay entered in the case [Docket No. 16] is hereby vacated. The Clerk of Court is directed to return this case to the active docket of the Court.

IT IS FURTHER ORDERED that counsel for Defendant, Antonio Wilkerson, shall contact the Chambers of United States Magistrate Judge Linda R. Anderson within seven days of the date on which this Opinion and Order is entered and request the scheduling of a Case Management Conference.

SO ORDERED this the 16th day of May, 2012.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE